**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

v.

BRYANT NEWELL,

      *Defendant-Appellant.*

No. 02-4843

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-00-146)

Submitted: July 10, 2003

Decided: July 24, 2003

Before WILKINSON and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Anthony D. Martin, SOLOMON & MARTIN, Greenbelt, Maryland,
for Appellant. Thomas M. DiBiagio, United States Attorney, Angela
R. White, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Bryant Newell appeals his conviction and sentence of 262 months' imprisonment pursuant to his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000). Newell argues that at his Fed. R. Crim. P. 11 hearing, the district court failed to ensure he understood the nature of the charge. Additionally, counsel, citing *Anders v. California*, 386 U.S. 738 (1967), argues that Newell was provided ineffective assistance of counsel, the district court failed to make a specific finding as to drug quantity, and the indictment was insufficient, but states that, in his view, these issues are not meritorious. Finding no reversible error, we affirm.

Newell contends the district court failed to ensure he understood the nature of the conspiracy charge to which he pled guilty and the consequences that attached to the finding of guilt. Newell did not object before the district court, accordingly, Newell's allegations are reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55 (2002). To meet the plain error standard (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). To establish that his substantial rights were affected, Newell must demonstrate that absent the error, he would not have entered his guilty plea. *See United States v. Martinez*, 277 F.3d 517, 532 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002). This Court may consider the entire record when considering the effect of any error on Newell's substantial rights. *Vonn*, 535 U.S. at 74-75. If these three elements are met, the Court may exercise its discretion to notice the error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (citation omitted).

In conducting the Rule 11 inquiry, the district court must inform

the defendant of, and determine the defendant understands, "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Fed. R. Crim. P. 11(c)(1).* A judge has wide discretion in determining how to ensure the defendant's understanding; however, "it is essential that the defendant receive notice of the true nature of the charge rather than a rote recitation of the elements of the offense." *Martinez*, 277 F.3d at 530 (internal quotations and citation omitted).

The district court did not explain the conspiracy charge to Newell, nor did the district court explain the minimum and maximum penalties. Assuming the district court committed error, we have reviewed the joint appendix and the parties' briefs and find Newell has not shown that absent the Rule 11 error, he would have rejected the Government's plea agreement. *See Vonn*, 535 U.S. at 74-75; *Martinez*, 277 F.3d at 532. Accordingly, Newell has not demonstrated that the error affected his substantial rights.

Newell also argues he did not have a full understanding of the guilty plea and its consequences. This argument contradicts Newell's statements at his Rule 11 proceedings that he understood the consequences of his guilty plea, and we find Newell is bound by those statements. *See United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992).

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Newell raises four other claims. First, Newell alleges trial counsel provided ineffective assistance because counsel failed to advise him to seek to withdraw his guilty plea in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Newell also alleges counsel provided ineffective assistance by failing to explain the enhancement provisions of the Federal Sentencing Guidelines. Ineffective assistance of counsel claims are generally not cognizable on direct appeal unless the record conclusively establishes ineffective assistance of counsel. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate devel-

---

*We cite to the pre-amendment version of the Federal Rules of Criminal Procedure, which was in effect at the time of Newell's Fed. R. Crim. P. 11 colloquy.

opment of the record, the presumptive rule is that ineffective assistance of counsel claims must be pursued in a 28 U.S.C. § 2255 (2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). We find the record does not conclusively show Newell's counsel provided ineffective assistance; therefore, Newell must raise these issues, if at all, in a § 2255 motion.

Newell also contends the district court erred by failing to ensure there was a factual basis for the plea. To the extent Newell attacks the district court's conduct at sentencing, Newell waived his right to appeal his sentence in his plea agreement and does not assert the waiver is invalid. To the extent Newell argues the district court failed to adequately determine a factual basis at the Rule 11 hearing, Newell stipulated in the plea agreement to a drug amount and to a statement of facts; further, Newell agreed the statement of facts as related at his Rule 11 colloquy was correct. We find no error.

Lastly, Newell contends the indictment is insufficient because it did not allege drug quantity. This issue is reviewed for plain error. *See Olano*, 507 U.S. at 732. The parties stipulated that the indictment was amended to allege the conspiracy involved more than fifty grams of cocaine base. Even assuming there is error, we have reviewed the parties' stipulated facts and find the evidence is overwhelming and essentially uncontroverted that the conspiracy involved more than fifty grams of cocaine base. *See United States v. Shaw*, 313 F.3d 219 (4th Cir. 2002). Accordingly, we decline to notice any error.

Thus, we affirm Newell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*